MORRIS COUNTY WELFARE BOARD, A CORPORATION, PLAINTIFF-APPELLANT, v. JULIA GILLIGAN, ADMINIS-TRATRIX OF THE ESTATE OF LOUIS VAIL, DE-CEASED, DEFENDANT-RESPONDENT.

Submitted February 13, 1943—Decided April 29, 1943.

For the plaintiff-appellant, *Eugene F. Hillery.*

For the defendant-respondent, *Oliver K. Day.*

The opinion of the court was delivered by

BODINE, J.   The appeal is from a judgment for defendant following an order striking the complaint.

For a number of years, the Morris County Welfare Board operating under *R. S.* 44:4 and 44:7 had furnished old age assistance to Mrs. Mary E. Saunders, of Morris Plains, New Jersey, and had also contributed to her funeral expenses after her death August 13th, 1939.

Mrs. Saunders had lived with her daughter, Mrs. Louise Vail, for a number of years.   It is averred in the complaint that the plaintiff made no demand on Mrs. Vail for contribution to the support of her mother because of representations by her that she was indigent.   Mrs. Vail perished in a fire on January 9th, 1942, that destroyed the house where she was living.   Later some boys, interested in gathering scrap, discovered about $4,100 in bills hidden under the floor boards of this house.   An administrator of Mrs. Vail's estate was thereafter duly appointed.

A claim by plaintiff against her estate being rejected, the present action was brought on the theory that Mrs. Vail was

under a duty while she had means to support her mother and that the plaintiff was entitled to reimbursement.

It is true that *R. S.* 44:1-140 imposes a duty upon a child to support an aged parent in such manner as the overseer of poor or a court of competent jurisdiction shall direct. But the facts are to be ascertained by judicial investigation. (44:1-141), and no such investigation was had.

Under *R. S.* 44:7-19, the Welfare Board may bring appropriate actions, but Mrs. Vail would not have been obligated by law to contribute a sum for the assistance of her mother without notice and an opportunity to be heard. *Kiser* v. *Overseer of Poor,* 3 *N. J. L.* \*410; *Ackerman* v. *Ackerman,* 55 *Id.* 422. But there was no way she could be compelled to do so, except in the manner pointed out by the statute, and that must be after reasonable notice of a hearing. *In re Ganey,* 93 *N. J. Eq.* 389. Without reasonable notice there was no process of law whatever. Nor is appellant aided by *R. S.* 44:7-19 which permits the recovery of money due for assistance.

The difficulty in this case is that the investigators for the Welfare Board did not discover, and probably could not have discovered, and obviously did not suspect the existence of the money cached under the floor of the house where the women mentioned lived. Indeed, it probably cannot be determined judicially whether this money was once the property of Mrs. Vail or of Mrs. Saunders or whose property it was.

The appellant could have invoked court procedure for discovery, under oath, by mother or daughter, or both, of financial ability, but apparently it was content to accept as true representations of inability to pay. They may have been, and apparently were, defrauded, but the statute provides no remedy for that, nor, as we view the matter, does the common law.

The judgment under review is affirmed, but without costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PORTER, DEAR, WELLS, RAFFERTY, THOMPSON, JJ. 11.

*For reversal*—HEHER, PERSKIE, JJ. 2.